## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OKI DATA AMERICAS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. ETHERNET INNOVATIONS, LLC,<br><br>Defendant. | CIVIL ACTION No.<br><br>**COMPLAINT AND JURY DEMAND** |

**PLAINTIFF OKI DATA AMERICAS, INC.,** by way of Complaint and Jury Demand against Defendant U.S. Ethernet Innovations, LLC, hereby states as follows:

### THE PARTIES

1.   Plaintiff Oki Data Americas, Inc. ("Oki Data" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with its headquarters at 2000 Bishops Gate Blvd., Mount Laurel, New Jersey, 08054.

2.   On information and belief, Defendant U.S. Ethernet Innovations, LLC ("USEI" or "Defendant") is a limited liability company organized and existing under the laws of the State of Texas, with its headquarters at 719 West Front Street, Suite 122, Tyler, Texas, 75702.

### JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §1331 and §1338.

4.   This Court has personal jurisdiction over USEI because USEI has engaged in enforcement efforts with respect to the Patents-in-Suit directed at Oki Data, a resident of this district.  Additionally, on information and belief, USEI has engaged in enforcement efforts with

respect to the Patents-in-Suit directed at other residents of this district, including Avaya Inc., Samsung Electronics America, Inc., Brother International Corp., Konica Minolta Business Solutions U.S.A., Inc., Konica Minolta Holdings U.S.A., Inc., and Ricoh Americas Corp.  On information and belief, USEI also has an ongoing business relationship with Hewlett-Packard Co. ("HP") that includes enforcement obligations and royalty rights with respect to the patents-in-suit, and HP regularly does business in this district.  On information and belief, HP assumed these enforcement obligations and royalty rights when it acquired 3Com Corporation ("3Com"), which regularly conducted business in this district before it was acquired by HP.  USEI has characterized its relationship with 3Com, now HP, as including an identity of interest and an obligation of material cooperation with USEI's efforts to enforce the patents-in-suit.  As such, USEI has purposefully directed activities at residents of this district, and the claims herein arise out of or relate to those activities.  USEI's business contacts with this district have been continuous and systematic, and include additional activities such as licensing patents to entities that maintain retail operations in and derive revenue from New Jersey.

5.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## PATENTS-IN-SUIT

6.      U.S. Patent No. 5,732,094 ("the '094 Patent"), titled "Method For Automatic Initiation Of Data Transmission," was issued by the United States Patent and Trademark Office on March 24, 1998.  The sole assignee on the face of the '094 Patent is 3Com Corporation.  A copy of the '094 Patent is attached hereto as Exhibit A.

7.      U.S. Patent No. 5,434,872 ("the '872 Patent"), titled "Apparatus For Automatic Initiation Of Data Transmission," was issued by the United States Patent and Trademark Office

on July 18, 1995. The sole assignee on the face of the '872 Patent is 3Com Corporation. A copy of the '872 Patent is attached hereto as Exhibit B.

8.      U.S. Patent No. 5,530,874 ("the '874 Patent"), titled "Network Adapter With An Indication Signal Mask And An Interrupt Signal Mask," was issued by the United States Patent and Trademark Office on June 25, 1996. The sole assignee on the face of the '874 Patent is 3COM Corporation. A copy of the '874 Patent is attached hereto as Exhibit C.

9.      U.S. Patent No. 5,299,313 ("the '313 Patent"), titled "Network Interface With Host Independent Buffer Management," was issued by the United States Patent and Trademark Office on March 29, 1994. The sole assignee on the face of the '313 Patent is 3COM Corporation. A copy of the '313 Patent is attached hereto as Exhibit D.

10.     Regarding the '094 Patent, the '872 Patent, the '874 Patent and the '313 Patent (together, the "Patents-in-Suit"), USEI stated in its Complaint in *U.S. Ethernet Innovations, LLC v. Samsung Electronics Co., Ltd.*, C.A. No. 12-398 (E.D. Tex.) (in which Oki Data is a defendant) that USEI is the "sole owner of the entire right, title, and interest in the Patents-in-Suit by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement." (Exhibit E at ¶15).

## FACTS

11.     In December 2011, USEI sent a 45-page licensing proposal to Oki Data's New Jersey headquarters for USEI's patent portfolio, which includes the Patents-in-Suit. Oki Data declined USEI's offer of license.

12.     On information and belief, USEI's parent company, Parallel Technology, LLC ("Parallel"), obtained the Patents-in-Suit from 3Com on May 28, 2009, the day after Parallel was formed in Delaware. On information and belief, Parallel then assigned the Patents-in-Suit to

USEI, its wholly-owned subsidiary, on October 8, 2009, ten days after USEI's formation in Texas. On information and belief, USEI's sole business is the licensing and enforcement of the patent portfolio that it obtained from 3Com via its parent company, Parallel. On information and belief, Parallel's sole business is collecting royalty revenue from licenses to the 3Com patents and cooperating with USEI's licensing and enforcement efforts.

13.     On information and belief, 3Com had an ongoing obligation to cooperate with USEI's enforcement efforts with respect to the Patents-in-Suit, including by cooperating in litigation and providing USEI with access to employees in 3Com's patent licensing group. On information and belief, 3Com also had an ongoing right to receive royalty payments resulting from USEI's enforcement efforts. On information and belief, HP assumed 3Com's enforcement obligations and royalty rights when HP acquired 3Com in 2010.

14.     On information and belief, HP regularly does business in this district, including: selling its products through various retail outlets in New Jersey, such as Best Buy; operating at least seven sales and services offices throughout New Jersey; contracting with the State of New Jersey to supply equipment to New Jersey schools and government entities; and registering with the New Jersey Division of Revenue. On information and belief, 3Com regularly conducted business in this district before it was acquired by HP, including: selling its products in New Jersey through various retail outlets and resellers; operating an office in Princeton, New Jersey; providing technical and logistics support to at least four New Jersey-based authorized service partners; and registering with the New Jersey Division of Revenue.

15.     The licensing proposal that USEI sent to Oki Data's New Jersey headquarters identified several companies that have licensed all or part of USEI's patent portfolio. On information and belief, at least one of these licensees, Avaya Inc., is a resident of this district.

On information and belief, Avaya Inc. is an international communications company with more than 18,000 employees, and is headquartered in Basking Ridge, New Jersey. Thus, USEI has an ongoing contractual relationship with a resident of this district. On information and belief, USEI derives royalty revenue from Avaya Inc., and thus derives revenue directly from a resident of New Jersey.

16.     On information and belief, other licensees identified in USEI's licensing proposal have continuous and systematic business contacts with New Jersey, including 7-Eleven, Inc., Starwood Hotels & Resorts Worldwide, Inc., Wawa, Inc., Krispy Kreme, Inc., Denny's Corp., JoS. A. Bank Clothiers, Inc., Marriot International, Inc., and International Dairy Queen, Inc., each of which has retail operations in the state of New Jersey. On information and belief, USEI derives licensing revenue from each of these licensees, and thus derives revenue from their operations in this district.

17.     On June 22, 2012, USEI filed a patent infringement suit against Oki Data and four Samsung entities, *U.S. Ethernet Innovations, LLC v. Samsung Electronics Co., Ltd.*, C.A. No. 12-398 (E.D. Tex.) ("the Samsung Action"). One of the Samsung entities, Samsung Electronics America, Inc., is headquartered in Ridgefield Park, New Jersey.

18.     Between September 2011 and May 2012, USEI sued at least four other New Jersey residents in the Eastern District of Texas, alleging infringement of three of the four Patents-in-Suit: Brother International Corp., Konica Minolta Business Solutions U.S.A., Inc., Konica Minolta Holdings U.S.A., Inc., and Ricoh Americas Corp. (C.A. Nos. 11-491, 12-329, and 12-235). On information and belief, all of these companies are headquartered in this district, and their allegedly infringing products are printers, copiers, and fax machines.

5

19.     In the Texas Action, USEI asserted the '094 Patent, the '872 Patent, the '874 Patent, and the '313 Patent against Oki Data (Exh. E at ¶¶ 16, 18-37), and has identified the Oki Data Microline network printers and/or the OKIPOS 407ii point of service printer as the "Oki Data Accused Products." (Exh. E at ¶16).

20.     The basis of USEI's infringement claims in the Samsung Action appears to be the alleged inclusion in the "Oki Data Accused Products" of certain Samsung chips that use Ethernet technology. (Exh. E at ¶¶16-17). The Samsung Action Complaint indirectly asserts that the Samsung S3C2510 and/or the S3C4510 System-on-Chips are "functionally integrated" into the "Oki Data Accused Products." (Exh. E at ¶17). A complete list of the "Oki Data Accused Products" is attached hereto as Exhibit F.

21.     Neither the Samsung S3C2510 System-on-Chip nor the Samsung S3C4510 System-on-Chip is included in any of the "Oki Data Accused Products."

## JUSTICIABLE CASE OR CONTROVERSY

22.     USEI has sued Oki Data in the Samsung Action in Texas, and specifically identified one Oki Data product (the OKIPOS 407ii) and generically identified the "Oki Data Microline network printers," as "Oki Data Accused Products." (Exh. E at ¶¶ 16-17).

23.     Independent of the Samsung Action, USEI has asserted in communications with Oki Data that the Oki Data Accused Products infringe the Patents-in-Suit.

24.     Under all the circumstances, including but not limited to the filing of the Samsung Action by USEI and communications between USEI and Oki Data, there is an actual or imminent injury caused by USEI that can be redressed by judicial relief and that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25.     Thus, there is a case of actual controversy within this Court's jurisdiction and therefore the Court may declare the rights and other legal relations of the parties and award further relief under 28 U.S.C. § 2201 and § 2202.

## FIRST COUNT

### (Declaratory Judgment of Non-Infringement of the '094 Patent)

26.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

27.     Oki Data does not infringe U.S. Patent No. 5,732,094 ("the '094 Patent) directly or indirectly, literally or under the doctrine of equivalents.

## SECOND COUNT

### (Declaratory Judgment of Non-Infringement of the '872 Patent)

28.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

29.     Oki Data does not infringe U.S. Patent No. 5,434,872 ("the '872 Patent) directly or indirectly, literally or under the doctrine of equivalents.

## THIRD COUNT

### (Declaratory Judgment of Non-Infringement of the '874 Patent)

30.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

31.     Oki Data does not infringe U.S. Patent No. 5,530,874 ("the '874 Patent) directly or indirectly, literally or under the doctrine of equivalents.

## FOURTH COUNT

### (Declaratory Judgment of Non-Infringement of the '313 Patent)

32.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

33.     Oki Data does not infringe U.S. Patent No. 5,299,313 ("the '313 Patent) directly or indirectly, literally or under the doctrine of equivalents.

## FIFTH COUNT

### (Declaratory Judgment of Invalidity of the '094 Patent)

34.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

35.     U.S. Patent No. 5,732,094 ("the '094 Patent) is invalid under one or more sections of the Patent Laws of the United States, including 35 U.S.C. §§102, 103 and/or 112.

## SIXTH COUNT

### (Declaratory Judgment of Invalidity of the '872 Patent)

36.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

37.     U.S. Patent No. 5,434,872 ("the '872 Patent) is invalid under one or more sections of the Patent Laws of the United States, including 35 U.S.C. §§102, 103 and/or 112.

## SEVENTH COUNT

### (Declaratory Judgment of Invalidity of the '874 Patent)

38.     Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

39.    U.S. Patent No. 5,530,874 ("the '874 Patent) is invalid under one or more sections of the Patent Laws of the United States, including 35 U.S.C. §§102, 103 and/or 112.

## EIGHTH COUNT

### (Declaratory Judgment of Invalidity of the '313 Patent)

40.    Oki Data repeats and repleads each of the allegations contained above as if fully set forth at length herein.

41.    U.S. Patent No. 5,299,313 ("the '313 Patent) is invalid under one or more sections of the Patent Laws of the United States, including 35 U.S.C. §§102, 103 and/or 112.

**WHEREFORE** plaintiff Oki Data Americas, Inc. respectfully demands entry of judgment in its favor and against defendant U.S. Ethernet Innovations, LLC as follows:

a)  declaring that the '094 Patent is not infringed by Oki Data;

b)  declaring that the '872 Patent is not infringed by Oki Data;

c)  declaring that the '874 Patent is not infringed by Oki Data;

d)  declaring that the '313 Patent is not infringed by Oki Data;

e)  declaring that the '094 Patent is invalid;

f)  declaring that the '872 Patent is invalid;

g)  declaring that the '874 Patent is invalid;

h)  declaring that the '313 Patent is invalid;

i)  enjoining USEI from asserting the Patents-in-Suit against any Oki Data Accused Product;

j)  awarding Oki Data its costs;

k)  awarding Oki Data its attorneys' fees;

l)   awarding Oki Data any other relief to which the Court deems Oki Data is entitled.


McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Avenue
Florham Park, NJ 07932
(973) 635-6300
Attorneys for Plaintiff
Oki Data Americas, Inc.

By:  _____
Paul F. Carvelli


John W. Shaw
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive, Suite 110
Reston, VA 20191
703.901.8860

Takaaki Nagashima
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
Tokyo 102-0093 Japan
+81-03-3239-5750

Dated: August 22, 2012

## DEMAND FOR TRIAL BY JURY

**PLAINTIFF OKI DATA AMERICAS, INC.** hereby demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

**I HEREBY CERTIFY** that, with the exception of *U.S. Ethernet Innovations, LLC v. Samsung Electronics Co., Ltd.*, C.A. No. 12-398 (E.D. Tex.), as described more fully above, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
210 Park Avenue
Florham Park, NJ 07932
973.635.6300
Attorneys for Plaintiff
Oki Data Americas, Inc.

By:_____
Paul F. Carvelli

John W. Shaw
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
302.298.0700

Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Drive, Suite 110
Reston, VA 20191
703.901.8860

Takaaki Nagashima
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
Tokyo 102-0093 Japan
+81-03-3239-5750

Dated: August 22, 2012